IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RHONDA M. MORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No. 14-cv-1376-CJP[1] |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is now before the Court on the parties' Joint Stipulation to Remand to the Commissioner. **(Doc. 23).**

The parties agree that this case should be remanded to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of plaintiff. *Schaefer v. Shalala*, 509 U.S. 292, 302-303 (1993).

The parties stipulate that, on remand, plaintiff will be given the opportunity for a hearing and to submit additional evidence and arguments.

---

[1] This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 12.

1

They also agree that an ALJ will do the following:

1. further evaluate plaintiff's mental impairments in accordance with the special technique described in 20 CFR §§ 404.1520a and 416.920a;

2. further evaluate the medical source opinions, including but not limited to the opinions of Eugene Kostiuk, M.D, Howard Tin, Psy.D., and Donald Henson, Ph.D;

3. further evaluate the opinions of non-medical source opinions in accordance with 20 CFR §§ 404.1513(d) and 416.913(d) and Social Security Ruling 06-3p;

4. if warranted and available, obtain evidence from a medical expert regarding the nature and severity of plaintiff's mental impairments and assess any mental limitations;

5. further evaluate plaintiff's residual functional capacity;

6. further evaluate plaintiff's subjective complaints;

7. obtain supplemental evidence from a vocational expert to determine whether Plaintiff could perform the mental and physical demands of her past relevant work as she actually performed this work or as generally performed in the national economy; and

8. clarify the effect of the assessed limitations on the occupational base.

For good cause shown, the parties' Joint Stipulation to Remand **(Doc. 23)** is **GRANTED**.

The final decision of the Commissioner of Social Security denying Rhonda M. Morris's application for social security benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to **four** of 42 U.S.C. §405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED: May 13, 2015.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**